ELIAS LAW GROUP

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

October 2, 2026

Ms. Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 500
Richmond, VA 23219

**Re: *In re Sherrod Brown, et al.*, Case No. 26-2230**

Dear Clerk Anowi:

The Commission's October 1 letter distorts the language of 47 U.S.C. § 155(c)(7) in arguing that "the Communications Act makes the disposition of 'all applications for review filed in any case' a precondition to judicial review." Doc. 28-1 at 2. Section 155(c)(7) makes only the "filing of *an* application for review … a condition precedent to judicial review." (Emphasis added). The additional language the Commission quotes merely extends the *deadline* to seek judicial review until 30 days after "public notice is given of orders disposing of all applications for review filed in any case." *Id.*

The Candidates should not be prejudiced by TVB's decision to pursue relief on a slower timeline by seeking reconsideration before filing an application for review. "[A] single agency action may be final for one party, yet nonfinal for another," and "parties seeking judicial relief" are not "forced to wait until the agency dispose[s] of the reconsideration petitions filed by others." *ICG Concerned Workers Ass'n v. United States*, 888 F.2d 1455, 1458 (D.C. Cir. 1989) (quoting *W. Penn Power Co. v. EPA*, 860 F.2d 581, 587 (3d Cir. 1988)).

Moreover, the Commission seems again to have unnecessarily delayed its proceedings. TVB filed its AFR on September 14, *before* FCC opened public comment on the Candidates' AFR. Doc. 28-2 at 1. Yet FCC

waited until September 30 to open a new comment period on the "substantially overlap[ping]" issues in TVB's AFR. The new comment deadline is October 19, past any window for meaningful judicial relief this election.

The comments on the Candidates' AFR also confirm additional "agency process on this purely legal question" is unnecessary and irrelevant. Doc. 25 at 5 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01 (2024)). The comments repeat the same arguments the parties and amici already briefed in *Brown I*, but largely without addressing the Court's resolution of those issues; or else they raise policy considerations that have no bearing on the statutory text. *See* Ex. A. FCC's duplicative comment period on TVB's AFR will be more of the same.

The Court should grant the Petition.

Sincerely,

/s/ *David R. Fox*
David R. Fox
Richard A. Medina
Nicole E. Wittstein
Julianna D. Astarita
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 948-1135
dfox@elias.law

*Counsel for Petitioners Sherrod Brown, Jon Ossoff, Roy Cooper, & Kristen McDonald Rivet*

cc: All counsel (via CM/ECF)