IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| In re Sherrod Brown, et al., Petitioners. | ) ) ) ) | No. 26-2230 |

**EMERGENCY MOTION FOR STAY**

The Federal Communications Commission respectfully seeks an emergency stay of the Court's October 7, 2026 order granting petitioners' mandamus petition and directing the FCC to resolve their application for review by 12:00 noon on Friday, October 9, 2026 (less than 48 hours from now). We have notified the other parties of this motion. Petitioners oppose the motion. Intervenors supporting the FCC have filed their own motion for stay, and they do not oppose the FCC's motion. As we explain below, the requested relief is warranted under the traditional four-part test for granting a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

**BACKGROUND**

In June 2026, petitioners filed a petition for review of a Public Notice issued by the FCC's Media Bureau concerning implementation of the Communications Act's "lowest unit charge" requirements for political broadcast advertisements. *See* Public Notice, FCC Media Bureau Provides Guidance on Entitlement to Lowest Unit Charge for Legally Qualified Candidates for Federal Office and All

Authorized Committees, DA 26-300 (Media Bur. Mar. 30, 2026) (Public Notice). Dismissing the FCC's objections that this Court lacked jurisdiction to review the Public Notice, a divided panel ruled that the Public Notice had incorrectly construed 47 U.S.C. § 315(b)(1)(A) to require broadcasters to make the "lowest unit charge" available to political parties and joint fundraising committees that seek to buy advertising time in coordination with a political candidate. *Brown v. FCC*, 2026 WL 2493115 (4th Cir. Aug. 25, 2026). The National Republican Congressional Committee and the National Republican Senatorial Committee, intervenors in the case, then petitioned the Supreme Court for a stay of the mandate. The Supreme Court granted the stay and recalled this Court's mandate on September 4, 2026, finding that "the Fourth Circuit likely lacked statutory jurisdiction to address [petitioners'] challenge," and that the Committees would "likely suffer irreparable harm absent a stay." *Nat'l Republican Congressional Comm. v. Brown*, 2026 WL 2618462 (U.S. Sept. 5, 2026) (per curiam) (*NRCC*).

On September 8, 2026, petitioners filed a petition for writ of mandamus asking this Court to direct the Commission to act on petitioners' pending application for review of the Public Notice by September 18, 2026. After the FCC and the Republican Committees filed oppositions to the petition, the Court issued an order on September 18 indicating that it would not act on the mandamus petition until at least October 1 (one day after the close of the comment cycle for

petitioners' application for review). The Commission informed the Court on October 1 that it had just received another application for review of the Public Notice, and that the comment cycle for the new application would not close until October 19.

On October 7, 2026, at 11:31 a.m., the Court issued an order granting the mandamus petition and directing the Commission to resolve petitioners' application for review by 12 noon on Friday, October 9, 2026. Judge Wilkinson dissented.

**ARGUMENT**

A stay is plainly warranted in this case. As Judge Wilkinson said in his dissent, the order is "a direct affront to the Supreme Court's stay order in this case." Order at 25 (Wilkinson, J., dissenting).

To begin with, the Court was unjustified in granting the extraordinary remedy of mandamus. The majority asserts that petitioners "have a clear right to relief" and "the Commission has a clear duty to act on the Application." Order at 16. But petitioners have not shown that they have a "clear and indisputable right" to agency action on the expedited timetable set by the Court. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988): *South Carolina v. United States*, 907 F.3d 742, 754 (4th Cir. 2018). The Court reads 47 U.S.C. § 155(c)(7) to obligate the Commission to act "'with the objective of rendering a

final decision … within three months' from when an application for review is filed." Order at 16. But that provision applies to "original application, renewal, and transfer cases"—not administrative applications for review. In any event it sets forth an "objective"—not a deadline—of three months. By any measure, it does not give petitioners a "clear and indisputable right" to expedited resolution of their application for review.

The Court's order also inflicts irreparable harm on the Commission. As the FCC has previously informed the Court, the agency is in the process of reviewing comments on petitioners' application for review. It is also awaiting comments on an overlapping application for review filed by the Television Bureau of Advertising. Initial comments on that application are not due until October 12, with reply comments due on October 19. The Court's order abruptly cuts off the agency's orderly process for seeking and reviewing public comment on the issues raised by the applications for review, and requires the agency to issue a decision without the benefit of all the information it has called for. "Agencies," as Judge Wynn acknowledged in concurrence, "must have an adequate opportunity to deliberate." Order at 22 (Wynn, J., concurring). But the Court did not explain why it gave the Commission just 48 hours to act.

Finally, the public interest and the equities strongly support a stay. As Judge Wilkinson noted in his dissent from the mandamus order, the decision that the

Court has directed the FCC to issue will inevitably precipitate further litigation that will have the effect of "disrupting settled campaign finance rules" in the closing weeks of "an impending election." Order at 28 (Wilkinson, J., dissenting). The Supreme Court "has repeatedly cautioned that lower federal courts should not alter the election rules of a state on the eve of an election." *People Not Politicians v. Onder*, 2026 WL 2883222 (U.S. Sept. 25, 2026) (per curiam); *see also Allen v. Milligan*, 608 U.S. 511, 514 (2026) (per curiam); *Purcell v. Gonzalez*, 549 U.S. 1, 4-6 (2006) (per curiam). And when it recalled this Court's mandate in *Brown v. FCC*, the Supreme Court emphasized that this concern about upending settled rules is especially pronounced "in the critical weeks leading up to" the midterm elections. *NRCC*, 2026 WL 2618462; *see also* Order at 26 (Wilkinson, J., dissenting).

## CONCLUSION

For the foregoing reasons, the Court should grant this emergency motion and immediately stay its order granting the mandamus petition.

Respectfully submitted,

Jacob M. Lewis
Associate General Counsel

Sarah E. Citrin
Deputy Associate General Counsel

/s/James M. Carr

James M. Carr
Counsel

Federal Communications Commission
Washington, DC 20554
(202) 418-1740

October 7, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 1,030 words, excluding the parts that can be excluded. This brief also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: October 7, 2026

/s/ James M. Carr
*Counsel for Respondent Federal Communications Commission*

## CERTIFICATE OF SERVICE

Undersigned counsel filed this brief with the Court via ECF, which will provide electronic service to everyone requiring notice.

Dated: October 7, 2026

/s/ James M. Carr
*Counsel for Respondent Federal Communications Commission*